STATE of Alaska, Petitioner,

v.

James M. STOCKER, Respondent.

No. A–2099.

Court of Appeals of Alaska.

Sept. 4, 1987.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for petitioner.

James M. Stocker, pro se.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

## OPINION

James Stocker was charged with driving while intoxicated and refusal to submit to a chemical test of breath. Stocker waived counsel and had a jury trial before District Court Judge Elaine Andrews in Palmer, on April 8 and 9, 1986. He was convicted and sentence was imposed on April 9, 1986. On its own motion, the court stayed execution of sentence, effective April 9, 1986, "to allow the court to review a transcript of the pretrial rulings in light of the testimony that was admitted at trial in order to determine whether or not the defendant was granted a fair trial." On December 19, 1986, Judge Andrews issued an order in which she concluded that Stocker had a fair trial. She consequently vacated the stay and set the matter for status hearing at

Palmer on January 9, 1987. At that hearing, Stocker moved to dismiss based upon post-trial delay.

Judge Peter Ashman concluded that the eight-month delay between imposition of sentence and execution of sentence served to deny Stocker his constitutional right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972); *Gonzales v. State*, 582 P.2d 630, 632 (Alaska 1978). He therefore vacated the judgment of conviction and sentence imposed against Stocker and dismissed the complaint with prejudice. The state petitioned for review in the superior court. Superior Court Judge Beverly W. Cutler denied the petition for review, concluding that Judge Ashman's decision was a final order not subject to a petition for review in the superior court.

The state has petitioned this court for review of Judge Cutler's order. We grant the state's petition and find that Judge Cutler did have discretion to hear the petition for review. We therefore vacate her order and remand the case to the superior court to enable her to exercise her discretion in determining whether to hear the state's petition for review of Judge Ashman's decision.

In *Kott v. State*, 678 P.2d 386 (Alaska 1984), the supreme court held that with limited exceptions the state could not appeal an adverse final judgment in a criminal proceeding regardless of whether an appeal would be barred by the double jeopardy provisions of the state and federal constitutions. 678 P.2d at 388–90. The court noted, however, that where review was not barred by considerations of double jeopardy, the state could seek discretionary review of an adverse final order by means of a petition for review. *Id.* at 390–91. Judge Cutler acknowledged *Kott*, but concluded that review of final orders of the district court was exclusively within the discretion of the court of appeals and not the superior court. She reached this conclusion by contrasting Alaska Appellate Rule 402, which governs petitions for review of nonappealable orders or decisions to the court of appeals, with Appellate Rule

610, which governs petitions for review of interlocutory orders or decisions in the superior court. In Judge Cutler's view, the supreme court's reference to orders not appealable in Rule 402 was broad enough to include final orders, which were not appealable, while the reference to interlocutory orders in Appellate Rule 610 necessarily precluded review of final orders.

We acknowledge that the supreme court has used different words in the two rules. Whether those different words connote a different intent is a question that requires a process akin to statutory interpretation. Reading the rules together, in light of the supreme court's decision in *Kott*, we conclude that the supreme court did not intend to permit petitions for review to the court of appeals under circumstances in which petitions for review to the superior court would not be available. In our view, just as the legislature intended to give each litigant adversely affected by a district court final judgment an option to appeal to the court of appeals or to the superior court, so too did the supreme court intend to permit a litigant offended by a nonappealable order or decision of the district court to seek review in either the superior court or the court of appeals.

We find nothing in the *Kott* decision to suggest that the supreme court might have preferred the court of appeals to the superior court as a destination for state petitions for review from adverse district court actions. We therefore conclude that the superior court, under Appellate Rule 610, has jurisdiction to consider petitions for review by the state from district court final orders as well as interlocutory orders. Naturally, the exercise of that discretion is governed by Appellate Rule 610(b).

The order of the superior court declining review is VACATED. This case is REMANDED to the superior court to exercise its discretion in determining whether to grant review of the district court order in question.[1]

---

1. We express no opinion as to whether the superior court should grant review in this case.