**Jon Marc HOLMES, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. A–2322.**

Court of Appeals of Alaska.

Dec. 9, 1988.

Rehearing Denied Jan. 18, 1989.

James M. Hackett, James M. Hackett, Inc., Fairbanks, for petitioner.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Jon Marc Holmes was convicted, following a jury trial, of robbery in the first degree. AS 11.41.500(a)(1). Holmes appealed his conviction and sentence to this court. This court affirmed Holmes's conviction, but vacated his sentence and remanded for resentencing. *Holmes v. State,* Memorandum Opinion and Judgment No. 616 (Alaska App., June 20, 1984). However, no action was taken on Holmes's resentencing until September 25, 1987, when the prosecution asked the trial court to resentence Holmes. Holmes opposed the prosecution's request, arguing that resentencing would violate his right to a speedy sentencing under both the United States and the Alaska Constitutions. U.S. Const. amend. VI; Alaska Const. art. I, § 11. On December 8, 1987, Judge Richard D. Savell denied Holmes's motion to dismiss. Holmes filed a petition for review with this court. We accepted review to determine whether Holmes was entitled to

relief on the ground that he had been denied his right to a speedy sentencing. We now affirm Judge Savell's decision.

In *Gonzales v. State*, 582 P.2d 630, 633 (Alaska 1978), the Alaska Supreme Court held that a person who has been convicted of a crime has a constitutional right to a speedy sentencing. The court followed *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and enumerated four relevant factors for Alaska courts to consider to determine if a delay in sentencing is excessive. These factors are: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) the prejudice to the defendant from the delay. *Gonzales*, 582 P.2d at 633.

In denying Holmes's motion, Judge Savell applied the four factors which the supreme court discussed in *Gonzales*. Judge Savell recognized that the delay was substantial. He found that the delay was not intentional, but was caused by negligence on the part of the state. He noted that Holmes and his attorney had been informed that this court had remanded for resentencing, but that neither Holmes nor his attorney had made a request for resentencing. Citing to the analysis in the *Gonzales* case, Judge Savell found that Holmes had not been prejudiced by the delay.

We have reviewed *Gonzales*, as well as cases from other jurisdictions, to determine if Holmes is entitled to relief because of the delay in his sentencing. We conclude that he is not. We start our analysis with *Gonzales v. State*. *Gonzales* involved a delay of approximately thirty-one months. *Id.* at 633. Furthermore, the delay chargeable to the state in *Gonzales* was actually considerably shorter than thirty-one months. The supreme court found that half of the delay was due to Gonzales' actions because Gonzales violated a condition of his release on bail by failing to notify law enforcement officials when he returned to Alaska. The supreme court attributed half of the thirty-one-month delay to Gonzales. *Id.* at 634. The instant case involves a delay of approximately thirty-nine months. No part of this delay is attributable to Holmes. The delay attributable to the state, therefore, is much greater in this case than the supreme court faced in *Gonzales*.

Holmes argues that he was prejudiced by the delay because he was under tremendous emotional pressure while awaiting his sentencing. He also points out that it was difficult for him to obtain or to keep employment while he was awaiting sentencing. Although we have no reason to doubt that Holmes was under considerable anxiety during this period of time, it does not appear that the courts which have considered this issue have granted relief based upon this kind of prejudice. First, the courts have pointed out that if the defendant actually desired a prompt resentencing, he could have made a request for sentencing. *Gonzales*, 582 P.2d at 634–35. Furthermore, courts which have analyzed the kind of anxiety and disability which Holmes alleges have pointed out that much of the anxiety and disability comes from the fact of having been convicted of a serious crime. They point out that this is a reasonable consequence of conviction, and therefore is more acceptable than the prejudice which flows from the accusation of a serious crime, which is the kind of prejudice which flows from the denial of a speedy trial. *See Erbe v. State*, 276 Md. 541, 350 A.2d 640, 647–49, 659–660 (1976) (majority opinion attaches little significance to anxiety as prejudice, dissenting opinion takes a contrary view).

The reason for the delay does not seem to be contested. The state did not act intentionally; rather it negligently failed to proceed with the case upon the remand from this court.

There remains the question of whether Holmes might actually be prejudiced in the sentence which he receives. In *Juarez–Casares v. United States*, 496 F.2d 190 (5th Cir.1974), the defendant's sentencing was delayed for two years and seven months. The trial judge, in sentencing the defendant, indicated that the defendant was receiving a greater sentence because of the defendant's bad behavior which occurred during the delay in sentencing. The Fifth

**114**

Circuit reversed and remanded, concluding that the defendant had been prejudiced by the delay. However, the *Juarez–Casares* case does not seem to apply to Holmes's case for a number of reasons. First, it appears that Holmes's sentencing will either not be influenced by intervening events or will be favorably influenced. Second, in *Gonzales,* the Alaska Supreme Court appears to disapprove of the *Juarez–Casares* analysis. *See Gonzales,* 582 P.2d at 635 n. 18.

In conclusion, it does not appear that Holmes can show the kind of prejudice from the delay in sentencing that the supreme court required in *Gonzales.* The only distinction that we can think of between this case and *Gonzales* which is favorable to Holmes is the fact that Holmes's case involves considerably greater delay. However, the period of delay, standing alone, does not appear to entitle Holmes to relief.

We accordingly AFFIRM the decision of the trial court.