James M. STOCKER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2583.

Court of Appeals of Alaska.

Dec. 16, 1988.

James M. Stocker, Palmer, pro se.

Eugene B. Cyrus, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On April 9, 1986, a jury convicted James M. Stocker of driving while intoxicated (DWI), AS 28.35.030, and refusal to submit to a chemical breath test, AS 28.35.032(f). District Court Judge Elaine M. Andrews sentenced Stocker to concurrent terms of thirty days with twenty-seven days suspended on each of the counts with the jail time to run consecutively, for a total of six days to serve. Stocker appeals the denial of his motion to dismiss. We affirm.

On April 9, 1986, shortly after trial, Judge Andrews stayed *sua sponte* the execution of the sentence in order to determine whether Stocker had been granted a fair trial. In order to assist her in reaching a decision on the matter, Judge Andrews requested a transcript of the pretrial proceedings. On June 6, 1986, the transcript department completed the transcript and issued a copy to the judge shortly thereafter. Upon review of the transcript, Judge Andrews decided that it would be necessary to also review the videotape of Stocker at the police station on the evening of his arrest. Judge Andrews received the videotape in early December 1986. On December 19, 1986, in a written order, she vacated the sentence stay after concluding that Stocker had received a fair trial.

Stocker subsequently moved to dismiss on the ground that the eight-month delay between the imposition and execution of sentence violated his constitutional right to speedy sentencing under both the United States and the Alaska Constitutions. U.S. Const. amend. VI; Alaska Const. art. 1, § 11. District Court Judge Peter G. Ashman granted the motion.

 In granting Stocker's motion, Judge Ashman relied on *Gonzales v. State*, 582 P.2d 630 (Alaska 1978). There, the Alaska Supreme Court held that a person who has been convicted of a crime has a constitutional right to a speedy sentencing. The *Gonzales* court followed *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and enumerated four factors which Alaska courts must apply to determine whether a delay in sentencing is excessive. These four factors are: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4) the prejudice to the defendant from the delay. *Gonzales*, 582 P.2d at 633.

Judge Ashman applied the four factors enumerated in *Gonzales*. Judge Ashman found that the eight-month delay was substantial, particularly for a misdemeanor case. He recognized that the delay was

caused by failures on the part of the court system. He noted that Stocker had repeatedly asserted his right to a speedy trial and had consistently objected to the delay. He found that Stocker had not been prejudiced by the delay, but concluded that the balance of the other factors warranted a dismissal of the case.

The state subsequently petitioned for review in the superior court. Superior Court Judge Beverly W. Cutler originally denied the petition for review, concluding that Judge Ashman's decision was a final order not subject to a petition for review in the superior court. The state petitioned this court for review of Judge Cutler's order. We granted the state's petition and determined that Judge Cutler did have discretion to hear the petition for review. We therefore vacated her order and remanded the case to the superior court to enable Judge Cutler to exercise her discretion in determining whether to hear the state's petition for review of Judge Ashman's decision. *State v. Stocker*, 741 P.2d 1215 (Alaska App.1987).

On remand, Judge Cutler granted the petition and reversed Judge Ashman's ruling. Applying the *Gonzales* factors, Judge Cutler concluded that the eight-month delay was not unreasonable and that some of the delay was justified as "time necessary for the martialing of resources to resolve litigation." Judge Cutler also disagreed with Judge Ashman's finding concerning Stocker's assertion of his rights. Judge Cutler found that, although Stocker made inquiries about the posture of his case, he did not repeatedly object to the delay, nor did he object to Judge Andrews' *sua sponte* order to stay his sentence. Finally, Judge Cutler found that Stocker had failed to show how he had been prejudiced by the delay. Judge Cutler disagreed with Judge Ashman and concluded that Stocker's failure to show prejudice defeated his claim for relief as a matter of law. Stocker appeals Judge Cutler's reversal and renews his argument that the eight-month sentencing delay violated his right to speedy sentencing.

Applying the *Gonzales* factors, we conclude that Stocker is not entitled to relief because of the delay in his sentencing. Stocker's case involved a delay of approximately eight months. We note that this period of time is substantially less than sentencing delays which have previously been upheld in other cases. *See, e.g., Gonzales*, 582 P.2d at 633 (sentencing delay of thirty-one months, half of which were attributable to the state, upheld); *Holmes v. State*, 765 P.2d 112, (Alaska App.1988) (sentencing delay of thirty-nine months, all attributable to the state, upheld). We further note that, although it appears the entire delay was attributable to the court system, the court system did not act intentionally; rather, at most, it negligently failed to proceed with the case. *See Gonzales*, 582 P.2d at 634. In addition, if Stocker had desired a prompt sentencing, we believe he could have made a request to that effect. Our review of the record indicates that Stocker made no objection to Judge Andrews' *sua sponte* sentencing stay. Finally, we note that Stocker has failed to demonstrate how the sentencing delay prejudiced him. Stocker argues that he was prejudiced because the delay placed a heavy strain on him and created considerable anxiety in his life. Stocker adds that the delay "had a great effect on [his] ability to appeal." We do not question that the delay frustrated Stocker and created considerable stress in Stocker's life. We have previously held, however, that relief may not be granted based upon this kind of prejudice. *See Holmes*, 765 P.2d at 113 –114. Moreover, at no time did Stocker give up his right to appeal the conviction on the merits. We conclude that Judge Cutler's reversal of Judge Ashman's dismissal was therefore proper.

Accordingly, the conviction is AFFIRMED.