Galdino **JUAREZ–CASARES**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 73–4028.

United States Court of Appeals,
Fifth Circuit.

June 27, 1974.

Alice Dwyer, El Paso, Tex. (Court-appointed), for petitioner-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., William B. Hardie, Jr., Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before DYER and MORGAN, Circuit Judges, and KRAFT, District Judge.

LEWIS R. MORGAN, Circuit Judge:

Two years and seven months after an uncounseled plea of guilty, appellant was sentenced to 11 maximum sentences for aiding and abetting aliens to elude examination and inspection by United States Immigration officials. Finding merit in appellant's contention that these sentences violated Rule 32(a)(1), F.R.Crim.P., and the Sixth Amendment to the Constitution, we reverse the district court's refusal to correct the sentence.

On March 17, 1970, appellant was charged in an information with 11 violations of 8 U.S.C. § 1325, and 18 U.S.C. § 2. On March 24, appellant plead not guilty to all 11 counts. Two days later, appellant reappeared in court without an attorney, waived his right to counsel, and plead guilty to each count. After questioning appellant to determine the voluntariness of his plea, the court said, "I will revoke your probation and you will have to serve that two years. I will leave the sentence on this case pending."

On July 28, 1970, the court issued a writ of habeas corpus ad prosequendum to the warden of the Federal Correctional Institution in La Tuna, Texas, to produce appellant in court the next day for sentencing. Appellant had been transferred from F.C.I. La Tuna to the United States Medical Center at Springfield, Missouri, and the writ was returned unserved.

Appellant was released from custody in June, 1971, but as the result of another offense, was reincarcerated in July, 1972.

On November 10, 1972, the court issued another writ of habeas corpus ad prosequendum to the warden at F.C.I. La Tuna to produce appellant for sentencing on November 14, 1972. On November 13, the court appointed counsel for sentencing. Appellant appeared in court on November 14, represented by appointed counsel, and, in answer to a question from the court, admitted that after being released in 1971, he had gone to Oklahoma and done the "same thing again." In answer to the argument of defense counsel that no sentence could be imposed because so much time had elapsed since the entry of the guilty plea, the court said, "The court deferred sentencing, and if he had not got in this other trouble I might not have given him time to serve, but it is obvious that this man is not going to profit by his past experiences . . . ." The court stated to appellant,

"It is possible I would have imposed a different sentence if you had behaved yourself. I was waiting to see what you were going to do. You get out and get right back into the same thing. . . ." The court then imposed the maximum sentence of six months on each of the 11 counts, the sentences to be served consecutively.

On February 13, 1973, appellant moved to vacate the sentence under F.R.Crim.P. 35, and 28 U.S.C. § 2255. This appeal is taken from the denial of that motion.

■ Although the time for sentencing a defendant is within the sound discretion of the trial judge, that discretion is not totally unfettered. Rule 32(a)(1), F.R.Crim.P., provides, "sentence shall be imposed without unreasonable delay." In addition, the imposition of sentence is part of the trial for the purposes of the Sixth Amendment speedy trial guarantee, so, in exercising his discretion, the trial judge is bound by both the rule and the Sixth Amendment. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. James, 459 F.2d 443 (5th Cir.), cert. den., 409 U.S. 872, 93 S.Ct. 202, 34 L.Ed.2d 123 (1972); United States v. Sherwood, 435 F.2d 867 (10th Cir. 1970), cert. den., 402 U.S. 909, 91 S.Ct. 1381, 28 L.Ed.2d 649 (1971); Lott v. United States, 309 F.2d 115 (5th Cir. 1962), cert. den., 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963); 2 C.A. Wright, Federal Practice and Procedure, § 521. The question of whether the imposition of the sentence is timely depends on the circumstances of each case. Pollard, supra, Lott, supra, cf., Bolduc v. United States, 363 F.2d 832 (5th Cir. 1966). The delay must be purposeful or oppressive to constitute a violation, Pollard, supra. This has led some courts to hold that time alone is not enough to constitute a violation. Whaley v. United States, 394 F.2d 399 (10th Cir. 1968); Welsh v. United States, 348 F.2d 885 (6th Cir. 1965); United States v. Grabina, 309 F.2d 783 (2nd Cir. 1962), cert. den., 374 U.S. 836, 83 S.Ct. 1885, 10 L.Ed.2d 1057 (1963). Nevertheless, time is exactly what the Sixth Amendment and Rule 32 are all about. If there has been an unreasonable delay, and if that delay results in prejudice to the defendant, then a violation has occurred. Naturally, the burden is on the defendant to show prejudice. United States v. James, supra, Brady v. Superintendent, 443 F.2d 1307 (4th Cir. 1971).

■ In this case, no excuse whatever was shown for the extreme delay in sentencing appellant. The sentencing of the appellant was not delayed because of the trial of co-defendants. See, Lott v. United States, supra, Kaye v. United States, 235 F.2d 187 (6th Cir. 1956). There was no study of the defendant under 18 U.S.C. § 4208. See, Bolduc v. United States, supra. Nor was the defendant a fugitive from justice attempting to evade the jurisdiction of the court. See, Whaley v. United States, supra.

It is true that the court issued a writ of habeas corpus ad prosequendum in July, 1970. But appellant was in federal custody at that time, although he was in Missouri instead of Texas. The government does not allege, however, that he was unavailable to the court at that time. The government simply failed to exercise due diligence to bring appellant before the court for sentencing. He can hardly be blamed for that. Appellant ought not to be made to suffer because he was in one federal institution rather than another when the writ was issued. The delay must be attributed solely to the action or inaction of the government, not to the appellant.

In addition, it is obvious that the appellant was prejudiced by the extreme delay in this case. The court stated clearly at sentencing that it was influenced by events which occurred during the extreme delay between the finding of guilt and sentencing. This statement, combined with the imposition of maximum consecutive sentences on each count, clearly fulfills appellant's burden of demonstrating prejudice resulting

from the delay.  United States v. James, *supra.*

Finally, the government argues that appellant waived his right to a speedy trial.  This contention is without merit. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

In summary, appellant has demonstrated extreme and unreasonable delay in sentencing, and has demonstrated that he has been prejudiced by the delay.  The proper remedy in such a case is to vacate the sentence and release the defendant from custody.  United States v. Fleish, 227 F.Supp. 967 (E.D.Mich. 1964) ; 8A Cipes, Moore's Federal Practice, ¶ 32.02[3].

Reversed and remanded.