**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William B. CAMPBELL,
Defendant-Appellant.**

No. 75–4364
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 24, 1976.

Jennings B. Miller, Lake Charles, La., for petitioner-appellant.

William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Baton Rouge, La., A. J. Fazzio, Lake Charles, La., for respondent-appellee.

Before GODBOLD, DYER and CLARK, Circuit Judges.

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

1334

William T. Burkhalter, Macon, Ga. (Court-appointed), for defendant-appellant.

Ronald T. Knight, U. S. Atty., Edgar W. Ennis, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Appellant William B. Campbell was convicted by a jury on October 27, 1969, of two counts in violation of the federal firearms laws, 26 U.S.C.A. §§ 5861(d), 5861(e), 5871.[1] On October 31, 1969, he was sentenced under the provisions of 18 U.S.C.A. § 4208(b) for the maximum term of imprisonment, five years, on each of the counts, to be served consecutively, pending a study to be completed by the Director of the Bureau of Prisons to determine an appropriate sentence, given his unique physical condition. Campbell was not finally sentenced until December 5, 1975 when he was placed on three years probation. He appeals that sentence as being in violation of his right to a speedy trial. We vacate and remand for further fact-finding as to whether he suffered prejudice because of the delay.

1. Campbell's mother, Mrs. Betty D. Ludlow was also indicted, but she was acquitted at the same trial. Campbell appealed his conviction, which was affirmed by this court in *United States v. Campbell,* 5 Cir., 1970, 427 F.2d 892. The mandate of this court was entered in the district court file on May 25, 1971.

At the time that Campbell's conviction was affirmed, he was in the custody of the state of Georgia in the Bibb County jail. Although state authorities were served with a federal detainer notice, no action was taken by federal authorities when Campbell was released from the county jail on probation in July, 1971. He was not taken into federal custody until October 16, 1975, when he was placed in technical custody with the place of confinement designated as his home. This was because Campbell has been afflicted with muscular dystrophy since he was 18 months old and has been completely bed-ridden since he was 18 years old. At the present time he is over 42 years old, with his long survival apparently resulting from the continuous care of Campbell by his mother. While in the Bibb County jail, Campbell had been placed in the women's section of the jail, where his mother was allowed to live with him to continue such care. It is apparently accepted that if Campbell were to be placed in confinement and separated from his mother that it would almost certainly result in his death.

Although the initial order of the court in 1969 that a Section 4208(b) study be made, the required study was not commenced until October 16, 1975 when Campbell was taken into custody.[2] Campbell argues on appeal that the four year delay in placing him in custody before commencing to prepare the study was a violation of Rule 32, F.R.Crim.P., a denial of his Sixth Amendment right to a speedy trial, and a denial of due process. Because the factors to be considered with respect to each argument are essentially the same, we will discuss these grounds together.

■ The Supreme Court has stated that unreasonable delay in sentencing may constitute a violation of a defendant's Sixth Amendment right to a speedy trial. *Pollard v. United States,* 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393. In the considera-

tion of whether there has been a violation of a defendant's Sixth Amendment rights, the Supreme Court has enunciated four factors that should be considered: the length of delay, the reason for the delay, whether a defendant has asserted his Sixth Amendment right, and whether prejudice to a defendant has resulted from the delay. *Barker v. Wingo,* 1972, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. A defendant need not necessarily show affirmative prejudice or any particular one of these factors to justify a finding by the court that there has been a denial of his right to a speedy trial. *Moore v. Arizona,* 1973, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183. This court has also considered whether unreasonable delay in a § 4208(b) sentencing has caused prejudice to the defendant in determining whether relief was warranted. *United States v. James,* 5 Cir., 1972, 459 F.2d 443. *See also Juarez-Casares v. United States,* 5 Cir., 1974, 496 F.2d 190.

■ A delay of four years in beginning the study was clearly unreasonable, but does not by itself require relief. *See United States v. James,* 5 Cir., *supra.* We therefore consider the other factors. In this case, the asserted reason for delay in commencing the study was the ostensible hope of the government that Campbell's condition would improve, thereby enabling the government to make some reasonable disposition of his case. Such a hope seems specious, however, given the state of current medical knowledge regarding the progressive nature of muscular dystrophy and the extent of the disease in Campbell. At best, this would seem to represent benign neglect by the government of Campbell's situation but cannot by itself justify the delay.

■ The failure by Campbell to assert his right during this period does not seem to carry much weight in this situation, in that, as stated by his counsel, a request to be confined would essentially have been a death sentence for him. The real question would appear to be whether the failure to

---

**2.** The study itself was completed within the statutory time limit of three to six months after commitment, because Campbell was not com- mitted until he was taken into technical custody on October 16, 1975. *See Bolduc v. United States,* 5 Cir., 1966, 363 F.2d 832.

commence the study or to take Campbell into custody for four years resulted in any actual prejudice to Campbell. The government argues that there was no prejudice to Campbell, because no legal right of his was adversely affected by the delay. The government also argues that the nature of the custody now imposed, which is merely probation, underscores this lack of prejudice. Finally, the government argues that the only evidence of nonlegal prejudice were the allegations made by Campbell in his motion to stay imposition of sentence that he had suffered physical and psychological strain.

■ Even though there was no explicit finding of prejudice by the district court, we find this to be a close case, because of the extreme length of the delay and the lack of any sufficient reason for that delay. Since the district court did not consider on the record whether Campbell's allegations of prejudice were supported by any evidence, we vacate and remand for consideration of this and the other above enumerated factors.

VACATED and REMANDED.