Avon WHITE, Petitioner,

v.

Robert J. HENDERSON, Superintendent, Auburn Correctional Facility, Respondent.

No. 78 Civ. 5260(MP).

United States District Court, S. D. New York.

March 21, 1979.

Avon White, pro se.

Robert Abrams, Atty. Gen., State of New York, by Paul E. Milbauer, Deputy Asst. Atty. Gen., New York City, for respondent.

## DECISION

POLLACK, District Judge.

Avon White, a state prisoner, petitions for a writ of habeas corpus seeking his release on the grounds that the 18-month delay between the petitioner's plea of guilty in state court and the imposition of sentence thereon was unreasonable and violated his right to a speedy trial. For the reasons shown hereafter, the petition is denied.

White was arrested on September 17, 1973, was indicted in state court on September 20, 1973, and pleaded guilty to attempted murder on October 23, 1973. At the plea the district attorney stated that no promises had been made to White regarding his sentence; that he could receive a maximum of 25 years in prison and a minimum of eight and one-third years; and that "at the time of sentence should this defendant cooperate with the Office of the District Attorney or with any other law enforcement agency then that cooperation will be made known to the Court, and the Court can use it as it deems fit." White confirmed that the district attorney had made no promises other than to bring White's prospective cooperation to the attention of the sentencing judge.

White was remanded to jail following his guilty plea pending sentence. On February 4, 1975, while still in state custody awaiting sentence, White was produced in federal court and sentenced by Judge Gagliardi to a term of six years for bank robbery. He began this federal sentence on February 14, 1975, and received credit on his federal sentence for the time he had been in state custody.

Two months later, on April 7, 1975, White was sentenced in state court. At no time before this sentence did White complain of any delay in sentencing or assert his right to be sentenced.

The state district attorney advised the sentencing justice that White had testified for the People in trials on March 25, 1974, and on December 11, 1974, had been ready to testify if needed on April 22, 1974, and had testified for the United States in three cases on unstated dates. (The Court has learned that the trials in which White testified for the United States took place on December 18, 1973, and June 24–26 and July 15–19, 1974.) The state court justice imposed a sentence of zero to ten years. He said that, if it were in his power, he would have the sentence run concurrently with White's federal sentence, but that a concurrent sentence was impossible under the then-prevailing state law. White did not appeal his state court conviction or sentence.

On January 22, 1976, the New York Penal Law was changed enabling the state court to amend White's sentence to run concurrently with his federal sentence. His sentence was so amended.

White completed his term in federal prison on September 1, 1977, and was transferred the next day to the New York State Department of Corrections. The records of that Department show that White's service of his state sentence is deemed to have begun on April 7, 1975, the day he was sentenced in state court, even though he was then in federal custody and remained there until 1977. White also received credit toward his state sentence for the time he spent in jail after his arrest on September 17, 1973, until he began his federal sentence on February 14, 1975. He did not, however, receive credit on his state sentence for the two month period between the date of his federal sentence in February and the imposition of the state sentence in April 1975. The ten-year maximum term of his state sentence will expire on November 5, 1983.

On June 27, 1978, White moved in state court under § 440.10 of the Criminal Procedure Law to vacate the judgment of conviction and set aside the sentence on the grounds of the unreasonable delay between conviction and sentence. The motion was denied on

September 6, 1978, on the grounds that White did not appeal his conviction.

■ The Attorney General opposes habeas corpus contending that White has not exhausted his state remedies because he did not appeal his conviction or sentence or the denial of his subsequent motion to vacate the conviction and sentence. This contention is not well taken. Title 28 U.S.C. § 2254(b), (c) requires a petitioner for habeas corpus to have exhausted only the state remedies still available to him "at the time he files his application in federal court." *Humphrey v. Cady,* 405 U.S. 504, 516, 92 S.Ct. 1048, 1055, 31 L.Ed.2d 394 (1972). White had 30 days in which to appeal his conviction or sentence or the order denying his motion. Criminal Procedure Law § 460.10(a). The time to appeal the conviction or sentence lapsed long before the petition. White's motion was denied on September 6, 1978, and he filed this petition with the Clerk on November 3, 1978, by which time an appeal no longer was possible. Thus, his state remedies were exhausted at the time this petition was filed.

■ The time of imposing sentence is governed in the federal courts[1] by Rule 32(a)(1) of the Fed.R.Crim.P. and in the New York courts by § 380.30(1) of the Criminal Procedure Law. Both provide that sentence must be imposed "without unreasonable delay." Similarly, if a defendant remains in custody pending his sentence, under both federal and state law he receives credit toward his sentence for the time he was in custody before sentence was imposed. 18 U.S.C. § 3568, N.Y. Penal Law § 70.30.3.

It has been said that it is "probable," though not certain, 2 *Wright, Federal Practice and Procedure,* § 521 at 386, that the imposition of sentence is also part of the "trial" within the meaning of the Sixth Amendment and therefore that excessive delay in sentencing may violate the defendant's right to a speedy trial. The Supreme Court has said that it would "assume *arguendo* that sentence is part of the trial for purposes of the Sixth Amendment." *Pollard v. United States,* 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1957). More recently, two circuits have held that the Sixth Amendment does apply to excessive delay in sentencing and have applied general Sixth Amendment tests to evaluate delay in sentencing. *See, e. g., United States v. Campbell,* 531 F.2d 1333, 1335 (5th Cir. 1976); *Juarez-Casares v. United States,* 496 F.2d 190, 192 (5th Cir. 1974); *United States v. Tortorello,* 391 F.2d 587, 589 (2d Cir. 1968); *see also Welsh v. United States,* 348 F.2d 885, 887 (6th Cir. 1965); *United States v. Grabina,* 309 F.2d 783, 786 (2d Cir. 1962).

■ To determine whether a particular delay has violated the Sixth Amendment, four factors are to be balanced—"[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *see also United States v. Campbell, supra,* 531 F.2d at 1335; *United States v. Tortorello, supra,* 391 F.2d at 589. No one of these factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial," *Barker v. Wingo, supra,* 407 U.S. at 533, 92 S.Ct. at 2193. Rather, all four are to be balanced in light of the facts and circumstances of the case. *Id. See also Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973).

■ In this case, 18 months elapsed between White's plea of guilty and the imposition of sentence thereon. The reason for at least the first 14 months of this delay— until December 11, 1974, when White last testified for the People—was to give White

---

1. The Speedy Trial Act, 18 U.S.C. §§ 3161– 3174, which governs the time of trial in federal criminal cases, makes no mention of a time factor applicable to sentencing following conviction. Similarly, in the reports and guidelines that have emanated after the Act, no specification is made of a time requirement for sentencing. *See Committee on the Administration of the Criminal Law of the Judicial Conference of the United States, Guidelines to the Administration of the "Speedy Trial Act of 1974"* (1977); *Judicial Council of the Second Circuit, Guidelines Under the Speedy Trial Act* (1979).

an opportunity to cooperate with the authorities and earn a basis for mitigation of punishment otherwise to be imposed. A defendant's cooperation with the authorities pending sentence has been recognized as a good reason to delay sentence. *See, e. g., Welsh v. United States, supra. See also* 2 *Wright, supra,* § 521 at 388. White made no complaint of the delay nor did he assert his right to be sentenced, and plainly, White has not been prejudiced by the delay. The sentencing state court justice made clear that he had imposed a very lenient sentence in recognition of White's time-consuming cooperation. Had sentence not been delayed, White would not have had the opportunity which resulted in his shortened sentence.[2]

The Court concludes that, under all the facts and circumstances shown here, the delay in sentencing is to be deemed to have had White's approval and consent, if not express then certainly implied, and was neither unreasonable nor violative of the Sixth Amendment.

The petition for a writ of habeas corpus is accordingly denied.

SO ORDERED.

2. White received credit against both his federal and state sentences for the time he was in state custody after his arrest on September 15, 1973, and before the beginning of his federal sentence on February 14, 1975. There was a gap of two months after the federal sentence until the state sentence was imposed. White did not receive credit on his state sentence for those two months. But this was not prejudicial to him since at the time White's state sentence was imposed, New York law required that the sentence run *consecutively* to his federal sentence. Thus, the date of sentence in state court made no difference under existing law to the overall length of White's confinement. Later when New York law was changed, White's sentence was amended to run *concurrently* with his federal sentence, *retroactively* to the date the state sentence was imposed. By this amendment, White's state sentence was reduced 29 months. The gist of his argument here is that if he had been sentenced earlier in state court, the subsequent amendment of the law and adjustment of his sentence thereunder would have reduced his sentence by as much as 31, rather than only 29, months. But this change in law was not foreseeable and the hypothetical prejudice to White as matter of hindsight is far outweighed by the initial lenient sentence and its subsequent amendment to run retroactively concurrently with the federal sentence.