[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14142
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:07-cr-00370-VEH-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIM CURTISS DANNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 13, 2011)

Before CARNES, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Kim Curtiss Danner appeals his convictions and sentences for possession

with intent to distribute oxycodone, hydrocodone, and diazepam, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(D)(2) (Count One), and felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three). He contends that the imposition of sentence more than one year after this Court vacated his prior sentence and remanded this matter for re-sentencing violated his right to prompt enforcement of our mandate and his right to speedy re-sentencing pursuant to the Sixth Amendment Speedy Trial Clause, the Fifth Amendment Due Process Clause, the Speedy Trial Act, and Fed.R.Crim.P. 32(b)(1). Danner requests that we vacate his conviction and sentence on Counts One and Three and dismiss the indictment.

"Determination of whether a defendant's constitutional right to a speedy trial has been violated is a mixed question of law and fact. Questions of law are reviewed de novo, and findings of fact are reviewed under the clearly erroneous standard." *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006).

Danner raises a claim for violation of his constitutional right to speedy re-sentencing.[1] This Court and binding precedent from the Fifth Circuit have held that the protection of the Sixth Amendment right to a speedy trial extends to sentencing. *See Juarez-Casares v. United States*, 496 F.2d 190, 192 (5th Cir.

---

[1] Danner has abandoned any claim under the Speedy Trial Act, because he merely asserts without further explanation that the delay violated the Act. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding issue abandoned where appellant made only passing references to the claim and treated it as background to claims expressly advanced).

1974) (holding that "the imposition of sentence is part of the trial for the purposes of the Sixth Amendment speedy trial guarantee"); *cf. United States v. Bordon*, 421 F.3d 1202, 1208 (11th Cir. 2005) (holding that a 17-month delay in sentencing did not violate the right to a speedy trial because the delay was largely due to actions of the defendants); *see also United States v. Campbell*, 531 F.2d 1333, 1335-36 (5th Cir. 1976) (holding that a four-year delay was "clearly unreasonable," but vacating and remanding for consideration of whether the delay resulted in any prejudice to the defendant). In *Juarez-Casares*, the Fifth Circuit vacated the sentence and ordered the defendant released after holding that he had "demonstrated extreme and unreasonable delay" in sentencing and prejudice from that delay. 496 F.2d at 193.

We combine the analysis of a Rule 32 violation and the denial of rights under the Sixth Amendment Speedy Trial Clause and Fifth Amendment Due Process Clause, because the factors considered are essentially the same. *See Campbell*, 531 F.2d at 1335. The Supreme Court outlined four factors to be considered in analyzing a speedy trial claim: the length of delay, the reason for the delay, the defendant's assertion of his rights, and prejudice to the defendant. *Id.* (*citing Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192 (1972)). The first factor acts as a "threshold point" in the speedy trial analysis, such that Danner

must show that the delay is "presumptively prejudicial" before we can proceed to the three remaining *Barker* factors. *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) (*citing Doggett v. United States*, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690-91 (1992)). Generally, delays exceeding one year are found to be "presumptively prejudicial." *Id.*

The delay here is at least one year, because our mandate vacating Danner's prior sentence and remanding for re-sentencing issued on August 7, 2009, and Danner was finally re-sentenced on August 20, 2010. Therefore, Danner satisfies the threshold presumption of prejudice, requiring inquiry into the remaining *Barker* factors. Both the reason for the delay and Danner's failure to object to the later continuances militate against his claim. First, the district court found that the delay was necessary to permit the State of Alabama to pursue the "extraordinarily serious" capital murder charges against Danner. *Compare Juarez-Casares*, 496 F.2d at 192 (holding that a two and a half year delay was unreasonable where it resulted from government negligence in locating the defendant and failure to pursue sentencing). Additionally, Danner failed to object to the final two continuances granted after his acquittal on the state charges and return to federal custody. Thus, his acquiescence permitted the delay to extend over the one-year threshold for presumed prejudice.

Finally, Danner fails to show actual prejudice from the delay. In his brief, Danner cites to authorities indicating the potential for prejudice based on the postponement of imprisonment, interference with a defendant's ability to "serve his sentence and be done with it," the detrimental effect on rehabilitation, and delay in a defendant's ability to reintegrate into society. However, Danner makes no argument of actual prejudice based on the facts and circumstances of his case. *See Campbell*, 531 F.2d at 1335-36 (requiring some evidence of actual prejudice). Thus, Danner has failed to show that the delay in re-sentencing violated his constitutional rights.

Finally, Danner's argument that the district court was required under the "mandate rule" to promptly enforce the mandate and deny the government's request for a continuance is not supported by precedent or by our mandate in his prior appeal. We previously defined the mandate rule as "simply an application of the law of the case doctrine to a specific set of facts," which restricts the district court from varying from or re-examining the appellate court mandate or from giving any further relief, except to settle that which was remanded. *United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007) (quotation omitted). The district court did not violate our previous mandate in granting the continuance and ultimately re-sentencing Danner more than one year later according to the

5

mandate, because the mandate did not impose a particular time limit for re-sentencing. Thus, Danner provides no basis on which we could vacate his convictions and sentences. Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2] Danner's request for oral argument is denied.