**REVISED February 1, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10623

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KENNY WASHINGTON,

Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-287-1

Before DAVIS, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

After we vacated Kenny Washington's sentence, eight years elapsed before the district court re-sentenced him. During those eight years, Washington served his entire sentence of incarceration and completed a term of supervised release. All that remains of his original sentence is a restitution

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

obligation.    Because the extraordinary delay between remand and re-sentencing violated Washington's Sixth Amendment rights, Washington is entitled to vacatur of the unpaid portion of his restitution obligation.

## I.

In 2003, a district court sentenced Washington to forty-six months of imprisonment and three years of supervised release for conspiracy to commit bank theft.  Pursuant to the Mandatory Victims Restitution Act (MVRA), the district court also ordered restitution, to be paid jointly and severally by the co-conspirators.  We affirmed.  *United States v. Washington*, 95 F. App'x 701 (5th Cir. 2004).   In 2005, the Supreme Court vacated our judgment and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005).  *Washington v. United States*, 543 U.S. 1102 (2005).  After we received supplemental briefing addressing *Booker*, we determined that the government failed to show that the district court would have imposed the same sentence absent the sentencing error, and we accordingly vacated Washington's sentence and remanded to the district court for re-sentencing. *United States v. Washington*, 158 F. App'x 528 (5th Cir. 2005).   However, Washington's attorney did not advise Washington that his sentence had been vacated and, due to a "clerical oversight," the district court did not re-sentence Washington.   Instead, Washington completed his original forty-six-month sentence and was released from custody to begin the three-year term of supervised release that had been imposed in the original sentencing proceeding.  Washington completed his supervised release and made payments of $9,517.35 in partial satisfaction of the restitution order.[1]

In April 2013, Washington finally learned that his sentence had been

---

[1] Washington has not asked for this money to be returned to him.

vacated.  Shortly thereafter, in June 2013, Washington filed a *pro se* "motion to amend restitution order," in which Washington asked the district court to "quash" the restitution order based on "the fact that [he] was left defectively unsentenced."  In response to Washington's motion, the district court entered an order explaining that "[t]hrough a clerical oversight, the court did not resentence Defendant Washington as ordered by the appellate court."  The district court instructed a magistrate judge to appoint defense counsel and requested briefing on whether the delay in re-sentencing raised issues of "prejudice and abuse of discretion."  In January 2014, Washington, now represented by counsel, filed a motion to dismiss the indictment based on violation of his Sixth Amendment right to a speedy trial, or, alternatively, his Fifth Amendment right to due process of law.

The district court denied Washington's *pro se* motion to amend the restitution order and his counseled motion to dismiss the indictment.  The district court then held a re-sentencing hearing in May 2014—more than eight years after we vacated Washington's sentence.  At the re-sentencing hearing, the district court rejected Washington's alternative argument that the MVRA was unconstitutional, ruling that the mandate rule precluded reconsideration of the restitution order and, in the alternative, that the MVRA was constitutional.  The district court then re-imposed the same 46-month sentence Washington had previously received, with credit for time served, re-imposed the three-year term of supervised release, which was immediately discharged, and re-imposed the restitution, with credit for the amounts previously paid.  The practical effect of the district court's judgment was that Washington remained responsible, jointly and severally with his co-conspirators, for the amount remaining on the restitution award.  Washington timely appealed.

No. 14-10623

## II.

The Sixth Amendment affords criminal defendants "the right to a speedy . . . trial." U.S. Const. amend. VI. Although many cases implicating the Sixth Amendment's Speedy Trial Clause arise in the context of a delay before trial, we have held that "[t]he constitutionally guaranteed right to a speedy trial [also] applies to sentencing."[2] *United States v. Abou-Kassem*, 78 F.3d 161, 167 (5th Cir. 1996); *see United States v. Campbell*, 531 F.2d 1333, 1335 (5th Cir. 1976). Accordingly, we have granted relief to a defendant who "has demonstrated extreme and unreasonable delay in sentencing, and has demonstrated that he has been prejudiced by the delay." *Juarez-Casares v. United States*, 496 F.2d 190, 193 (5th Cir. 1974). We review the district court's conclusions of law *de novo* and its underlying factual findings for clear error. *United States v. Molina-Solorio*, 577 F.3d 300, 303–04 (5th Cir. 2009).

We evaluate speedy trial claims under the four-factor framework established in *Barker v. Wingo*, 407 U.S. 514 (1972). *Campbell*, 531 F.2d at 1335. The four factors are: (1) length of delay; (2) the reason for the delay; (3) the defendant's diligence in asserting his right; and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530. None of these factors is either necessary or sufficient; rather, "they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. Indeed, "[a]

---

[2] "Whether sentencing proceedings are within the ambit of the Speedy Trial Clause is a question that has not been resolved by the Supreme Court." *United States v. Ray*, 578 F.3d 184, 191–92 (2d Cir. 2009). In *Pollard v. United States*, the Supreme Court "assume[d] arguendo that sentence is part of the trial for purposes of the Sixth Amendment," but then denied the petitioner's claim on the merits. 352 U.S. 354, 361 (1957). The circuits are split on the question. *Compare, e.g.*, *Burkett v. Cunningham*, 826 F.2d 1208, 1220 (3d Cir. 1987) (holding that the Speedy Trial Clause of the Sixth Amendment protects the right to speedy sentencing), *with Ray*, 578 F.3d at 199 (holding that the Speedy Trial Clause of the Sixth Amendment does not apply to sentencing proceedings).

4

defendant need not necessarily show affirmative prejudice or any particular one of these factors to justify a finding by the court that there has been a denial of his right to a speedy trial." *Campbell*, 531 F.2d at 1335. Moreover, at least in the context of a delay before trial, a rebuttable presumption of prejudice arises if "the first three factors weigh 'heavily' in the defendant's favor." *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006); *see also Doggett v. United States*, 505 U.S. 647, 655 (1992) ("[W]e generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify."); *id.* at 655–58.

We have no trouble concluding that Washington's Sixth Amendment rights were violated. Washington endured an eight-year delay between the time we vacated his sentence and the time the district court re-sentenced him. The Supreme Court has referred to an eight-year delay as "extraordinary," *Doggett v. United States*, 505 U.S. 647, 658 (1992), and we have done the same for a delay of five years, *see United States v. Cardona*, 302 F.3d 494, 497 (5th Cir. 2002). Washington was not responsible for the "clerical oversight" that caused the delay, and Washington acted promptly upon learning that his rights may have been violated. In circumstances identical to these—albeit in the context of a delay before trial—the Supreme Court presumed prejudice and granted relief to the defendant. *See Doggett*, 505 U.S. at 658 ("When the Government's negligence thus causes delay [of eight years], and when the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted, the defendant is entitled to relief." (internal citations and footnotes omitted)).

We need not, and do not, explore whether the presumption of prejudice applies exactly the same way in the context of a delay before sentencing as it does in the context of a delay before trial. Indeed, the presumption may not

arise as readily in the sentencing context, or perhaps might be more easily rebutted. *See United States v. Sanders*, 452 F.3d 572, 580 (6th Cir. 2006) ("[W]hen all that remains of a case is the imposition of a sentence, the danger of losing witnesses or other evidence needed to mount an adequate defense is minimized, if not eliminated completely.").[3]    However, we apply the presumption here, for two reasons. The first reason is the extreme delay in this case—eight years simply is beyond the pale. The second reason is that, at the time of re-sentencing, Washington already had served his entire forty-six-month sentence and his term of supervised release. The delay in this case thus deprived the district court of the opportunity to conduct a meaningful *de novo* re-sentencing proceeding, and it deprived Washington of any incentive to offer arguments in support of a lesser term of incarceration or supervised release. Washington's completion of his sentence thus differentiates this case from others in which defendants complained of long sentencing delays. *See, e.g.*, *United States v. Ray*, 578 F.3d 184 (2d Cir. 2009) (defendant did not serve any of her sentence during fifteen-year delay before re-sentencing); *Abou-Kassem*, 78 F.3d 161 (defendant had served less than ten years of a sixty-five year sentence). Where, as here, a defendant serves his entire term of incarceration and supervised release (*i.e.*, the portions of the sentence over which the district court has discretion) before the government seeks to re-sentence him, we cannot credibly retrodict what would have happened in a timely proceeding. *Cf. United States v. Howard*, 577 F.2d 269, 271 (5th Cir. 1978) ("He suggests

---

[3] Not all danger of losing witnesses or other evidence is eliminated in the context of re-sentencing. For example, after a long delay, a defendant may be unable to locate evidence of, or witnesses to testify about, mitigating circumstances like childhood abuse.

that he was prejudiced by receiving a harsher sentence than he otherwise would have. It is of course impossible to probe the truth of this suggestion.").[4]

In light of the extreme delay, Washington's lack of fault in causing that delay, and Washington's completion of most of his sentence, Washington was presumptively prejudiced. The government has not rebutted the presumption of prejudice. *Cf. Doggett*, 505 U.S. at 658 n.4 ("While the Government ably counters Doggett's efforts to demonstrate particularized trial prejudice, it has not, and probably could not have, affirmatively proved that the delay left his ability to defend himself unimpaired."). Accordingly, we hold that Washington is entitled to relief.

In the context of unconstitutional delays before trial, the proper remedy is dismissal of the indictment. *Barker*, 407 U.S. at 521. Analogously, in the context of unconstitutional delays before sentencing, "[t]he proper remedy . . . is to vacate the sentence." *Juarez-Casares*, 496 F.2d at 193. Indeed, at oral argument, Washington conceded that he is not entitled to dismissal of the indictment or reversal of his conviction. Under the circumstances of this case, the only practical relief we can grant Washington is to vacate the unpaid portion of his restitution obligation. It is so ordered. *Cf. United States v. Jones*, 744 F.3d 1362 (D.C. Cir. 2014) (holding that "twelve- and fifteen-month reductions that [defendants] received were adequate remedies for any speedy sentencing violation they may have suffered").

---

[4] We do not, of course, suggest that the district court was disingenuous in conducting the re-sentencing hearing. To the contrary, the record reflects that the district court conducted a thorough and thoughtful hearing. No amount of probity and care, however, can overcome the fact that Washington had already served his entire term of incarceration and supervised release, thereby altering irrevocably the circumstances under which the re-sentencing hearing took place.

No. 14-10623

## III.

Washington also argues that the restitution award should be vacated because the MVRA is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. He claims that the MVRA unconstitutionally permits the district court to make "factual findings that subject the defendant to a greater range of punishment than that warranted by the jury's return of a verdict of guilty." This argument is moot in light of our determination that the delay of Washington's re-sentencing violated his Sixth Amendment rights. In any event, we have previously held that the MVRA is constitutional. *See United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014); *United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012). Washington requests that we take his case *en banc* to re-consider our precedent, but doing so is unnecessary to resolve this appeal.[5]

VACATED IN PART.

---

[5] Washington's challenge to the MVRA is also barred by both the doctrine of waiver and the mandate rule. Because Washington could have brought the MVRA challenge on initial appeal, but did not, he has waived that claim. *See Lindquist v. City of Pasadena*, 669 F.3d 225, 239 (5th Cir. 2012) ("[A]n issue that could have been but was not raised on appeal is forfeited and may not be revisited by the district court on remand." (emphasis omitted)). Likewise, because Washington could have raised the MVRA issue on initial appeal but did not, the mandate rule foreclosed the district court on remand, and forecloses us now, from considering that issue. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (explaining that, pursuant to the mandate rule, all "issues not arising out of this court's ruling and not raised in the appeals court, *which could have been brought in the original appeal*, are not proper for reconsideration by the district court below"); *United States v. Lee*, 358 F.3d 315, 321, 323 (5th Cir. 2004) (explaining that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," which includes issues that "could have been brought in the original appeal" (emphasis omitted)).

We note that the government does not argue that Washington's Sixth Amendment claim is barred by either waiver or the mandate rule, and, indeed, that claim could not be barred by either—as that claim did not exist at the time of the initial appeal. *See Lee*, 358 F.3d at 324 ("An issue is not waived if there was no reason to raise it in the initial appeal."); *Griffith*, 522 F.3d at 611 (explaining that the mandate rule bars only those claims that were "germane to the original appeal," *i.e.*, the party raising the claim must have had "sufficient incentive to raise that issue in the prior proceedings" (alterations omitted)).

No. 14-10623

HAYNES, Circuit Judge, dissenting:

I respectfully dissent from the judgment of the court vacating the remaining portion of Washington's restitution award based upon a "speedy trial" violation.[1] Although the circuits are split on the question of whether there is a Sixth Amendment right to "speedy sentencing,"[2] I agree that our Circuit's binding precedent has applied a speedy-trial-type analysis to the issue of delayed sentencing.[3] I also agree that the remedy for a speedy trial violation in the sentencing context is the vacatur of the remaining sentence (as opposed to dismissal of the indictment). I disagree, however, with the majority opinion's imposition (unsupported by relevant precedent) of an essentially irrebuttable presumption of prejudice due solely to the passage of time and Washington's service of his original sentence of imprisonment and supervised release. Our case law does not support this outcome and the facts of this case negate the conclusion that Washington was prejudiced. Accordingly, I respectfully dissent.

---

[1] I agree that we are bound by circuit precedent on the issue of the constitutionality of the MVRA, such that relief on this ground is not warranted.

[2] Washington has also argued that he has a Fifth Amendment due process right to prompt sentencing, but the analysis of the two arguments has been treated similarly in the briefing. I conclude that he has not made any arguments that would warrant relief under the Fifth Amendment for the same reasons I give under the Sixth Amendment analysis.

[3] Were we writing on a clean slate, we would need to take a hard look at the issue of whether the Sixth Amendment applies to a delay in resentencing, particularly in light of the majority opinion here. Cases continue to raise this issue and the related due process issue, and the Supreme Court recently granted certiorari to address the question of whether the Sixth Amendment applies to the sentencing phase of a criminal prosecution. *Montana v. Betterman*, 342 P.3d 971, 981 (Mont. 2015) (holding that the Fourteenth Amendment requires prompt sentencing but denying relief because the defendant was not prejudiced by the delay), *cert. granted*, 193 L. Ed. 2d 464 (U.S. Dec. 4, 2015) (No. 14-1457). As we are bound by our precedent in the meantime, however, I do not further address this predicate question here.

No. 14-10623

Our first sentencing delay case after *Barker v. Wingo*[4] did not apply those factors, so it is unclear whether later cases applying these factors are faithful to our precedent. *Compare Juarez-Casares v. United States*, 496 F.2d 190, 191–93 (5th Cir. 1974) (not citing or discussing *Barker*), *with United States v. Howard*, 577 F.2d 269, 271 (5th Cir. 1978) (applying the *Barker* factors). However, even in a case applying the *Barker* factors to sentencing delays, we recognized that those factors arose in the very different context of pre-trial delays and that *Barker*'s "analysis is directed at different concerns than are present in this case." *Howard*, 577 F.2d at 270–71 (denying relief because the possibility of prejudice was "only speculative").

Even assuming that the *Barker* factors are appropriately considered in this context, it is inappropriate to import wholesale to the sentencing context the presumption of prejudice line of cases arising from pre-trial delay situations. When there are unreasonable pre-trial delays, a presumption of prejudice is necessary because such delays impact a highly dynamic process, often involving juries, relevant witnesses, and evidence. These delays can also result in "oppressive pretrial incarceration, impairment of defense and anxiety." *Id.* at 270. However, a "[s]entencing delay typically risks only the possible prejudice of anxiety," *id.*, a circumstance noticeably absent here because Washington was unaware of the delay in his resentencing for the duration of his incarceration and was promptly resentenced once the error came to light. A presumption of prejudice due to an unreasonable delay in resentencing is further unwarranted where, as in this case, the same judge who conducted the original sentencing also conducted the resentencing and

---

[4] 407 U.S. 514 (1972).

assessed the same set of facts.  In other words, the risk of prejudice as a result of lost witnesses or other evidence is nonexistent here.

In addition to being unnecessary, the presumption of prejudice asserted here is contrary to our precedents.  Our first case addressing "speedy sentencing" (decided a few months before *Barker*) was *United States v. James*, 459 F.2d 443 (5th Cir. 1972).  There, we found that the three-year delay between conviction and final sentencing was "unreasonable" under then-existing law (18 U.S.C. § 4208) requiring prompt parole determinations.  *Id.* at 444.  Despite the "unreasonable delay," we granted no relief to the defendant because his claims of prejudice were "purely hypothetical."  *Id.* at 444–45.  Thus, unreasonable delay alone was insufficient to create any presumption of prejudice.

Thereafter, in *United States v. Campbell*, 531 F.2d 1333, 1335 (5th Cir. 1976), we applied the *Barker* factors, but we did not presume prejudice despite a "clearly unreasonable" six-year delay between conviction and sentencing.  As in the present case, we further concluded that the cause of the delay was the government's "benign neglect" and thus was not attributable to any fault of the defendant.  *Id.*  We likewise determined that the defendant's "failure . . . to assert his right" during the delay did not "carry much weight" in the analysis.  *Id.*  Despite factors weighing in favor of the defendant, we did not proceed to presume prejudice.  Instead, we remanded to the trial court to decide whether the "allegations of prejudice were supported by any evidence."  *Id.* at 1336.

The parties have not cited, and I have not found, a single Fifth Circuit case since the 1970s vacating a sentence based upon a delay in resentencing. The sheer lack of supporting precedent is reason enough to question the majority opinion's determination.  Indeed, until now, the only Fifth Circuit case cited or located in which vacatur occurred is *Juarez-Casares*, which

11

involved an original sentencing (not a resentencing). 496 F.2d at 191. We announced the standard there as follows: "If there has been an unreasonable delay, *and* if that delay results in prejudice to the defendant, then a violation has occurred. Naturally, *the burden is on the defendant to show prejudice.*" *Id.* at 192 (emphasis added). We concluded that the burden was satisfied because the district court expressly stated during final sentencing that it was increasing the punishment due to other unrelated offenses the defendant committed during the delay. *Id.* at 192–93. We did not presume prejudice, we found actual prejudice. By contrast, the exact opposite happened here: the district court expressly stated it would *not* take into consideration Washington's separate criminal conviction that occurred during the delay.

The facts of this case thus provide no support for the majority opinion. Even under the *Barker* factors, the only factor "heavily favoring" Washington's argument is the very long delay in resentencing. The district court found that the delay was caused by a clerical oversight (i.e., it was not intentional); this finding is unchallenged, and, therefore, entitled to deference. *See United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008). While a clerical oversight is evidence of neglect on the part of the government, it is not a factor that "weigh[s] heavily" in Washington's favor. *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006). While Washington did act promptly once he learned of his vacated sentence, his diligence is rather questionable, in my view, given that by his own admission, he never inquired as to the result of his own appeal. Thus, this factor weighs only slightly (not heavily) in Washington's favor.

Washington's case is similar to *Campbell*, discussed above. *See Campbell*, 531 F.2d at 1336. Notably, we did not presume prejudice in *Campbell*, despite the long delay, negligence of the government and absence of fault by the defendant, and we should not do so here. *Id.* Simply stated,

12

presuming prejudice in a resentencing delay context would be unprecedented in the Fifth Circuit.

If there is no presumption of prejudice, Washington has utterly failed to show that he was actually prejudiced by the delay in resentencing. Washington originally argued that he would be prejudiced by the intervening event of a 2011 conviction, but the district court expressly stated that it would not consider that intervening event as part of the resentencing. Implicit in the majority opinion is the idea that the district court could not fairly conduct a legitimate resentencing because it would be influenced by the fact that Washington had already served the previous sentence. I respectfully disagree with this implication. The district court, once advised of the situation, appointed counsel for Washington and considered Washington's briefing and evidence, after which it ruled that the delay did not prejudice Washington. Thereafter, the court conducted a full resentencing and carefully and thoroughly addressed the sentencing factors. Washington's guidelines range was exactly the same as before (46–57 months) and the district court concluded that a within-guidelines sentence was appropriate under the 18 U.S.C. § 3553(a) factors. While the guidelines are now advisory, they remain an important guidepost such that a guidelines sentence is entitled to a presumption of reasonableness on appeal. *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Wilcox*, 631 F.3d 740, 757 (5th Cir. 2011). The district court's findings on resentencing are unassailed by either Washington or the majority opinion and the within-guidelines sentence is in keeping with a countless number of sentences issued every day.

Where is the prejudice in all this? Although the majority opinion correctly states that factual findings are subject to clear error review, it gives no deference to the district court's findings on either the resentencing process

or the prejudice issue. Washington argues that the delay prevented him from making arguments for a below-guidelines sentence or a lessened supervised release term, but conspicuously fails to articulate any such hypothetical argument. Why then does the majority opinion fail to credit the district court's finding that 46 months was a proper sentence of imprisonment? Why does the majority opinion assume the district court in a timely resentencing would have given Washington a lower sentence, despite not one shred of evidence to support that assumption? We routinely believe the district court when it makes findings bearing upon the effect of its ruling in the sentencing context. For example, we regularly credit a district court's finding that it would have imposed the same sentence even if it miscalculated the sentencing guidelines range. *See Duhon*, 541 F.3d at 396 (5th Cir. 2008).[5] We also credit the district judge's determination of how a factor would have influenced that judge. *United States v. Brito*, 601 F. App'x 267, 273 (5th Cir. 2015) (determining that a district court's finding of no prejudice due to allegedly ineffective counsel during sentencing was not clearly erroneous). Why not believe the district court here?

In sum, no binding precedent supports the presumption of prejudice applied here, and Washington has entirely failed to show actual prejudice. Even if prejudice were presumed, I further disagree with the majority opinion that the Government has failed to rebut that presumption. The record shows that Washington got (and served) the same sentence he would have received had the resentencing occurred eight years ago—there is simply no prejudice, presumed or otherwise. As such, vacating the remaining restitution award, as

---

[5] *See also United States v. Ramos*, 739 F.3d 250, 253–54 (5th Cir. 2014); *United States v. Richardson*, 676 F.3d 491, 512 (5th. Cir. 2012); *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008).

No. 14-10623

to which there was no *Booker*[6] error and no error now, merely punishes the financial institution (or its insurer) that was the innocent victim of Washington's crimes.  I would affirm the district court's judgment in full.

---

[6] *United States v. Booker*, 543 U.S. 220 (2005).