*490 HAYNES, Circuit Judge,
dissenting:
I respectfully dissent from the judgment of the court vacating the remaining portion of Washington’s restitution award based upon a “speedy trial” violation.[1] Although the circuits are split on the question of whether there is a Sixth Amendment right to “speedy sentencing,”[2] I agree that our Circuit’s binding precedent has applied a speedy-trial-type analysis to the issue of delayed sentencing.[3] I also agree that the remedy for a speedy trial violation in the sentencing context is the vacatur of the remaining sentence (as opposed to dismissal of the indictment). I disagree, however, with the majority opinion’s imposition (unsupported by relevant precedent) of an essentially irrebuttable presumption of prejudice due solely to the passage of time and Washington’s service of his original sentence of imprisonment and supervised release. Our case law does not support this outcome and the facts of this case negate the conclusion that Washington was prejudiced. Accordingly, I respectfully dissent.
Our first sentencing delay case after Barker v. Wingo[4] did not apply those factors, so it is unclear whether later cases applying these factors are faithful to our precedent. Compare Juarez-Casares v. United States, 496 F.2d 190, 191-93 (5th Cir.1974) (not citing or discussing Barker), with United States v. Howard, 577 F.2d 269, 271 (5th Cir.1978) (applying the Barker factors). However, even in a case applying the Barker factors to sentencing delays,'we recognized that those factors arose in the very different context of pretrial delays and that Barker’s “analysis is directed at different concerns than are present in this case.” Howard, 577 F.2d at 270-71 (denying relief because the possibility of prejudice was “only speculative”).
Even assuming that the Barker factors are appropriately considered in this context, it is inappropriate to import wholesale to the sentencing context the presumption of prejudice line of cases arising from pre-trial delay situations. When there are unreasonable pre-trial delays, a presumption of prejudice is necessary because such delays impact a highly dynamic process, often involving juries, relevant witnesses, and evidence. These delays can also result in “oppressive pretrial incarceration, impairment of defense and anxiety,” *491 Id. at 270. However, a “[sentencing delay typically risks only the possible prejudice of anxiety,” id., a circumstance noticeably absent here because Washington was unaware of the delay in his resentencing for the duration of his incarceration and was promptly resentenced once the error came to light. A presumption of prejudice due to an unreasonable delay in resentencing is further unwarranted where, as in this case, the same judge who conducted the original sentencing also conducted the resentencing and assessed the same set of facts. In other words, the risk of prejudice as a result of lost witnesses or other evidence is nonexistent here.
In addition to being unnecessary, the presumption of prejudice asserted here is contrary to our precedents. Our first case addressing “speedy sentencing” (decided a few months before Barker) was United States v. James, 459 F.2d 443 (5th Cir.1972). There, we found that the three-year delay between conviction and final sentencing was “unreasonable” under then-existing law (18 U.S.C. § 4208) requiring prompt parole determinations. Id. at 444. Despite the “unreasonable delay,” we granted no relief to the defendant because his claims of prejudice were “purely hypothetical.” Id. at 444-45. Thus, unreasonable delay alone was insufficient to create any presumption of prejudice.
Thereafter, in United States v. Campbell, 531 F.2d 1333, 1335 (5th Cir.1976), we applied the Barker factors, but we did not presume prejudice despite a “clearly unreasonable” six-year delay between conviction and sentencing.- As in the present case, we further concluded that the cause of the delay was the government’s “benign neglect” and thus was not attributable to any fault of the defendant. Id. We likewise determined that the defendant’s “failure ... to assert his right” during the delay did not “carry much weight” in the analysis. Id. Despite factors weighing in favor of the defendant, we did not proceed to presume prejudice. Instead, we remanded to the trial court to decide whether the “allegations of prejudice were supported by any evidence.” Id. at 1336.
The parties have not cited, and I have not found, a single Fifth Circuit case since the 1970s vacating a sentence based upon a delay in resentencing. The sheer lack of supporting precedent is reason enough to question the majority opinion’s determination. Indeed, until now, the only Fifth Circuit case cited or located in which vacatur occurred is Juarez-Casares, which involved an original sentencing (not a resentencing). 496 F.2d at 191. We announced the standard there as follows: “If there has been an unreasonable delay, and if that delay results in prejudice to the defendant, then a violation has occurred. Naturally, the burden is on the defendant to show prejudice.” Id. at 192 (emphasis added). We concluded that the burden was satisfied because the district court expressly stated during final sentencing that it was increasing the punishment due to other unrelated offenses the defendant committed during the delay. Id. at 192-93. We did not presume prejudice, we found actual prejudice. By contrast, the exact opposite happened here: the district court expressly stated it would not take into consideration Washington’s separate criminal conviction that occurred during the delay.
The facts of this case thus provide no support for the majority opinion. Even under the Barker factors, the only factor “heavily favoring” Washington’s argument is the very long delay in resentencing. The district court found that the delay was caused by a clerical oversight (i.e., it was not intentional); this finding is unchallenged, and, therefore, entitled to deference. See United States v. Duhon, 541 *492 F.3d 391, 396 (5th Cir.2008). Whüe a clerical oversight is evidence of neglect on the part of the government, it is not a factor that “weigh[s] heavily” in Washington’s favor. United States v. Hernandez, 457 F.3d 416, 421 (5th Cir.2006). While Washington did act promptly once he learned of his vacated sentence, his diligence is rather questionable, in my view, given that by his own admission, he never inquired as to the result of his own appeal. Thus, this factor weighs only slightly (not heavily) in Washington’s favor.
Washington’s case is similar to Campbell, discussed above. See Campbell, 531 F.2d at 1336. Notably, we did not presume prejudice in Campbell, despite the long delay, negligence of the government and absence of fault by the defendant, and we should not do so here. Id. Simply stated, presuming prejudice in a resentencing delay context would be unprecedented in the Fifth Circuit.
If there is no presumption of prejudice, Washington has utterly failed to show that he was actually prejudiced by the delay in resentencing. Washington originally argued that he would be prejudiced by the intervening event of a 2011 conviction, but the district court expressly stated that it would not consider that intervening event as part of the resentencing. Implicit in the majority opinion is the idea that the district court could not fairly conduct a legitimate resentencing because it would be influenced by the fact that Washington had already served the previous sentence. I respectfully disagree with this implication. The district court, once advised of the situation, appointed counsel for Washington and considered Washington’s briefing and evidence, after which it ruled that the delay did not prejudice Washington. Thereafter, the court conducted a full re-sentencing and carefully and thoroughly addressed the sentencing factors. Washington’s guidelines range was exactly the same as before (46-57 months) and the district court concluded that a within-guidelines sentence was appropriate under the 18 U.S.C. § 3553(a) factors. While the guidelines are now advisory, they remain an important guidepost such that a guidelines sentence is entitled to a presumption of reasonableness on appeal. Rita v. United States, 551 U.S. 338, 341, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); United States v. Wilcox, 631 F.3d 740, 757 (5th Cir.2011). The district court’s findings on resentencing are unassailed by either Washington or the majority opinion and the within-guidelines sentence is in keeping with a countless number of sentences issued every day.
Where is the prejudice in all this? Although the majority opinion correctly states that factual findings are subject to clear error review, it gives no deference to the district court’s findings on either the resentencing process or the prejudice issue. Washington argues that the delay prevented him from making arguments for a below-guidelines sentence or a lessened supervised release term, but conspicuously fails to articulate any such hypothetical argument. Why then does the majority opinion fail to credit the district court’s finding that 46 months was a proper sentence of imprisonment? Why does the majority opinion assume the district court in a timely resentencing would have given Washington a lower sentence, despite not one shred of evidence to support that assumption? We routinely believe the district court when it makes findings bearing upon the effect of its ruling in the sentencing context. For example, we regularly credit a district court’s finding that it would have imposed the same sentence even if it miscalculated the sentencing guidelines range. See Duhon, 541 F.3d at *493 396 (5th Cir.2008).[5] We also credit the district judge’s determination of how a factor would have influenced that judge. United States v. Brito, 601 Fed.Appx. 267, 273 (5th Cir.2015) (determining that a district court’s finding of no prejudice due to allegedly ineffective counsel during sentencing was not clearly erroneous). Why not believe the district court here?
In sum, no binding precedent supports the presumption of prejudice applied here, and Washington has entirely failed to show actual prejudice. Even if prejudice were presumed, I further disagree with the majority opinion that the Government has failed to rebut that presumption. The record shows that Washington got (and served) the same sentence he would have received had the resentencing occurred eight years ago — there is simply no prejudice, presumed or otherwise. As such, vacating the remaining restitution award, as to which there was no Booker[6] error and no error now, merely punishes the financial institution (or its insurer) that was the innocent victim of Washington’s crimes. I would affirm the district court’s judgment in full.

. I agree that we are bound by circuit precedent on the issue of the constitutionality of the MVRA, such that relief on this ground is not warranted.

. Washington has also argued that he has a Fifth Amendment due process right to prompt sentencing, but the analysis of the two arguments has been treated similarly in the briefing. I conclude that he has not made any arguments that would warrant relief under the Fifth Amendment for the same reasons I give under the Sixth Amendment analysis.

. Were we writing on a clean slate, we would need to take a hard look at the issue of whether the Sixth Amendment applies to a delay in resentencing, particularly in light of the majority opinion here. Cases continue to raise this issue and the related due process issue, and the Supreme Court recently granted certiorari to address the question of whether the Sixth Amendment applies to the sentencing phase of a criminal prosecution. Montana v. Betterman, 378 Mont. 182, 342 P.3d 971, 981 (2015) (holding that the Fourteenth Amendment requires prompt sentencing but denying relief because the defendant was not prejudiced by the delay), cert. granted, 193 L.Ed.2d 464 (U.S. Dec. 4, 2015) (No. 14-1457). As we are bound by our precedent in the meantime, however, I do not further address this predicate question here.

.407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

. See also United States v. Ramos, 739 F.3d 250, 253-54 (5th Cir.2014); United States v. Richardson, 676 F.3d 491, 512 (5th Cir.2012); United States v. Bonilla, 524 F.3d 647, 656 (5th Cir.2008).

. United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).