United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10593
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

KENNY WASHINGTON,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-00287-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Kenny Washington appeals his conviction and sentence for conspiracy to commit bank theft.  After a thorough review of the record, we AFFIRM.

     The district court did not abuse its discretion in limiting the cross-examination of Ralphcel Eaton or in allowing Tom Young to testify.  Neither Eaton's plea agreement in a pending and unrelated state prosecution, nor his testimony suggests that his testimony was motivated by the pending state charges.  Eaton's

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deferred adjudications were not convictions under FED. R. EVID. 609, and Washington did not include motive as a reason for cross-examining Eaton on the deferred adjudications. As for Young, contrary to Washington's assertion, he was not a summary witness. Accordingly, there was no abuse of discretion. United States v. Landerman, 109 F.3d 1053, 1062 (5th Cir.), modified by, 116 F.3d 119 (1997); United States v. Townsend, 31 F.3d 262, 268 (5th Cir. 1994).

Nor did the district court clearly err in applying a four-point enhancement under U.S.S.G. § 3B1.1(a) for Washington's role as an organizer or leader in the offense. The record reflects that Washington exercised considerable decision-making authority and that Washington's participation in the offense was integral. See U.S.S.G. § 3B1.1, cmt. n.4; United States v. Lage, 183 F.3d 374, 384 (5th Cir. 1999).

Finally, the district court did not clearly err in determining that the scheme at Nationsbank should be considered relevant conduct. The modus operandi was nearly identical at both Nationsbank and Wells Fargo. See U.S.S.G. § 1B1.3 cmt. n.9(A) (Nov. 2000); United States v. Anderson, 174 F.3d 515, 526 (5th Cir. 1999).

The district court's judgment is AFFIRMED.