**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenny WASHINGTON, Defendant–Appellant.**

**No. 03–10593**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 21, 2005.

---

Michael Gill, U.S. Attorney's Office Northern District of Texas, Dallas, TX, for Plaintiff–Appellee.

William M. Ravkind, Ravkind & Associates, Dallas, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM: *

After we affirmed the judgment of conviction and sentence of Kenny Washington, the Supreme Court decided *United States v. Booker*[1] and vacated and remanded for further consideration in light of that case. We requested and received supplemental letter briefs addressing the impact of *Booker*.

■ Washington argues that he preserved a *Booker* challenge by objecting to the sentencing enhancements and that, therefore, it is the Government's burden to show that the error was harmless. Alternatively, he argues that if the error was not preserved and the plain-error standard of review applies, he prevails under that standard.

Washington's objections were to sufficient to preserve his *Booker* claim.[2] Therefore, we review for harmless error.[3] The Government has the "burden of showing beyond a reasonable doubt that the error did not affect the outcome of the district court proceedings."[4]

■ The Government has pointed to no evidence to show that the district court would have imposed the same sentence absent the sentencing error.[5] Although the district court stated that it had "struggled" in deciding whether to sentence Washington at the high or low end of the Guidelines range, in fact the court sentenced him at the low end. Because the Government failed to meet its burden, Washington's sentence is VACATED and the matter REMANDED for sentencing.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. *See United States v. Akpan,* 407 F.3d 360, 375–76 (5th Cir.2005).

3. *United States v. Pineiro,* 410 F.3d 282, 286 (5th Cir.2005).

4. *Id.*

5. *See id.*

In our prior decision, we held that the district court did not abuse its discretion in limiting the cross-examination of Ralphcel Eaton or in allowing Tom Young to testify. Because Booker does not change this result, that portion of our prior decision is reinstated.